### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| DONNA M. WRIGHT | : | |
| | : | |
| Plaintiff, | : | C. A. No. |
| | : | |
| v. | : | |
| | : | **Jury Trial Demanded** |
| A.C.A. INDUSTRIES, INC., DBA | : | |
| AMERICAN MAINTENANCE. | : | |
| | : | |
| | : | |
| Defendant, | : | |

## COMPLAINT

Plaintiff, Donna M. Wright, sues Defendant, A.C.A. Industries, Inc. DBA American Maintenance, and shows:

## Introduction

1.     This is an action by Donna M. Wright, against her former employers for unpaid overtime pursuant to the Fair Labor Standards Act.  In addition, this action arises to remedy violations of the Delaware Whistleblower's Act, a Breach of Good Faith and Fair Dealing in Plaintiff's employment, and Promissory Estoppel.

2.     By the filing of this action, Plaintiff seeks damages and a reasonable attorney's fee.

## PARTIES

3.     Plaintiff, Donna M. Wright, is a female citizen of the United States and

currently resides in Wilmington, Delaware. Wright was previously employed by American Maintenance to perform services at Accredo.

4.      Defendant, American Maintenance is a registered corporation in the State of Delaware.  American Maintenance is a provider of cleaning services that provides janitorial and office cleaning services to Accredo.

5.      Plaintiff was assigned to work at Accredo's New Castle, Delaware facility as part of the disinfecting crew.

6.      As a result of COVID-19, Wright's duties included but were not limited to disinfecting any surface that may have been touched to ensure the safety of everyone working at the facility.

7.      During her employment Wright worked both day and night.

8.      During her assignment, Plaintiff reported to Generoso Arroyo ("Arroyo"), a supervisor, employed by American Maintenance.

9.      Throughout her employment, Wright regularly worked more than 40 hours a week.

10.     Wright never received overtime pay even though she worked in excess of 40 hours a week.

11.     In addition, during holidays, Wright was denied double pay which was promised to her by the Defendant.

12.     Throughout    her    employment,    Wright's    paycheck    contained

unaccounted illegal deductions.

13.    During her employment, Wright discovered another employee was committing fraud against the company.

14.    The other employee, Gretchen Manson ("Manson"), was getting paid for working when she was not. Instead, Manson's girlfriend was using Manson's identity and social security to fraudulently pay Manson for work that she did not perform.

15.    In April 2021, Wright filed an internal complaint to Arroyo about the employment fraud involving Manson.

16.    Wright's report regarding Manson's fraudulent conduct constituted a "violation" under 19 Del. Code §1702 (6)(b)

17.    After Wright filed the internal complaint, Wright was terminated on May 9, 2021, under the false pretext that she didn't have a drug test on file.

## COUNT I: VIOLATION OF DELAWARE WHISTLEBLOWERS' PROTECTION AGAINST ACTS

18.    Paragraphs 1 through 17 are hereby realleged and incorporated herein by reference as if fully set forth herein.

19.    An employer shall not discharge, threaten, or otherwise discriminate against an employee because the employee reports verbally or in writing to the employer or to the employee's supervisor a violation, which the employee knows or reasonably believes has occurred or is about to occur.

20. Defendants discriminated against Wright by terminating her for reporting the financial fraud being committed by Gretchen Manson as described above.

## COUNT II: PROMISSORY ESTOPPEL

21. Paragraphs 1 through 20 are hereby realleged and incorporated herein by reference as if fully set forth herein.

22. Defendant promised to pay Wright double her salary when she worked during a holiday.

23. Plaintiff Wright justifiably relied on the promise made to her by working on holidays with the expectation she would be paid double her regular rate.

24. Plaintiff Wright suffered damages as a result, including but not limited to, overtime wage not paid that she was promised.

## COUNT III: BREACH OF GOOD FAITH AND FAIR DEALING AGAINST ACTS

25. Paragraphs 1 through 24 are hereby alleged and incorporated herein by reference as if fully set forth herein.

26. Defendant owed to Wright a covenant of good faith and fair dealing concerning her employment contract.

27. By its actions described in this Complaint, Defendant breached the covenant of good faith and fair dealing implied under Delaware law when it terminated Wright in retaliation for reporting the financial fraud as described above.

4

28.     As a direct result of the wrongful conduct of the Defendant, Wright has suffered damages, including but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

## COUNT IV: VIOLATION OF FLSA
## BY DEFENDANT OVERTIME

29.     Plaintiff, Donna M. Wright, realleges, as if fully set forth, the allegations of Paragraphs 1 through 28 above.

30.     Since on or about July 2020 up to and including May 9, 2021, Defendants have willfully violated the provisions of § 7 of the Act [29 U.S.C. §207] by employing Plaintiff for workweeks longer than 40 hours without compensating her for employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed.

31.     The failure to pay overtime compensation to Wright is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee and was paid less than $455.00 per week.  In the alternative, if Wright was exempt, Defendants' actions and/or conduct have effectively removed any exemption that may have applied to Wright.

32.     In addition, Defendant failed to pay Wright for all "Hours Worked."

33.     The Defendant also made illegal deductions from Wright's paycheck throughout her employment.

34.     Defendant's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and Wright's status as non-exempt but chose not to pay her in accordance with the Act.

35.     Wright is entitled pursuant to 29 U.S.C. § 216(b), to recover from Defendants:

a.      All hours worked;

b.      All unpaid overtime that is due;

c.      As liquidated damages, an amount equal to the unpaid overtime owed;

d.      The costs of this action, and;

e.      A reasonable attorney's fee.

**WHEREFORE**, Plaintiff, Donna M. Wright, prays that this court will grant judgment against Defendant American Maintenance:

a.      Awarding Wright payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

b.      Awarding Wright an additional equal amount as liquidated damages;

c.      Awarding Wright her costs, including a reasonable attorney's fee;

d.      Granting such other and further relief as is just.

**THE POLIQUIN FIRM, LLC**

<u>/s/ Ronald G. Poliquin</u> (I.D. 4447)
Ronald G. Poliquin, Esquire
1475 S. Governors Ave.
Dover, DE  19904
(302) 702-5501
*Attorney for Plaintiff Donna Wright*

Dated: October 20, 2023